UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO RAMIREZ, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 12-08876-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 19, 2012, Ramiro Ramirez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on January 30, 2013. On June 4, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 45-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on November 27, 2007. (AR 22.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 1, 1985, the alleged onset date of his disability. (AR 24.)

Plaintiff's claims were denied initially on February 29, 2008, and on reconsideration on July 29, 2008. (AR 22.) Plaintiff then sought review and on April 13, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Keith Dietterle in Orange, California. (AR 22.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 22.) Medical expert ("ME") Dr. Arnold Ostrow and vocational expert ("VE") Susan L. Allison also appeared and testified at the hearing. (AR 22.)

The ALJ issued an unfavorable decision on April 27, 2011. (AR 22-31.) The Appeals Council denied review on August 10, 2012. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ stated a clear and convincing rationale to reject Plaintiff's testimony of his non-exertional limitations due to chronic migraines and internal issues.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 1, 1985, the alleged onset date. (AR 24.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: diabetes mellitus; migraine headaches; asthma; hypertension; hepatitis C virus infection; cirrhosis; gout; and gastrointestinal bleed. (AR 25.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 25-26.)

The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> Claimant can stand and walk 6 hours out of an 8-hour day; sit for 6 hours out of an 8-hour day; occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds; occasional stairs, bend, stoop, crawl; no ladders, ropes or scaffolds; no unprotected heights; and no exposure to dust, fumes, or gases.

(AR 26-30.) In determining the RFC, the ALJ made an adverse credibility determination. (AR 27-30.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 30.) The ALJ, however, also found that, considering Claimant's age, education, lack of work experience and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform, including cashier II, toy assembler, and bagger. (AR 30-31.)

Consequently, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act at any time from January 1, 1985, through the date of the ALJ's decision. (AR 31.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility regarding his alleged limitations due to migraines and internal issues. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

### A. Relevant Federal law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80

F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ found the Claimant less than fully credible regarding the severity of his impairments. (AR 30.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ discounted Plaintiff's credibility because the history and frequency of treatment does not show the level of severity he alleges, his alleged impairments and limitations are inconsistent with the objective medical evidence, and he made inconsistent statements about his conditions and limitations. (AR 29-30.) Plaintiff does not address these reasons generally but only in regard to his contention that the ALJ erroneously failed to assign a missed work limitation due to migraine headaches and other internal impairments.

The objective medical evidence as to Plaintiff's migraine headaches and other conditions, however, is inconsistent with Plaintiff's allegations regarding their severity. An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. Here, none

of the physicians who evaluated Plaintiff ascribed any missed work limitation for his migraines and other impairments.

The ALJ gave the greatest weight to testifying medical expert Dr. Arnold Ostrow, a Board certified internist who reviewed the medical records. (AR 28, 81-85.) The ALJ accepted the light work RFC presented by Dr. Ostrow, which contains no missed work limitation. (AR 26, 81-82.) Of particular note, Plaintiff's counsel cross-examined Dr. Ostrow closely about whether he would anticipate that Plaintiff would miss work because of his allegedly debilitating migraines and/or for his gout and Dr. Ostrow stated, "I didn't see that" in the medical records. (AR 82-83.) He also observed that anemia is not a functional impairment and any fatigue associated with anemia is readily resolved by a transfusion. (AR 83-84.) Dr. Ostrow made clear his opinion was based solely on the medical records, not on Plaintiff's testimony. (AR 84-85.)

The ALJ also considered the opinions of two consulting internists who examined Claimant. The ALJ gave "good weight" to the February 6, 2008, opinion of Dr. Aziz Karamalou who noted multiple recurrent migraine attacks with frequent trips to the emergency room for control of this condition. (AR 394, 397.) Dr. Karamalou also noted diabetes with evidence of neuropathy and gout with multiple attacks but both currently under treatment with medication. (AR 394, 397.) Nonetheless, Dr. Karamalou gave essentially the same RFC as Dr. Ostrow, without any missed work limitation for either Claimant's migraines or his gout. The ALJ gave less weight to the July 2, 2008, opinion of Dr. Borgini who also ascribed a similar RFC without any missed work limitation for migraine headaches or gout. (AR 29, 466-49.) Dr. Borgini found no sign of active joint disease due to gout (AR 468), no neurological defects in regard to migraines (AR 469), and no end organ involvement due to diabetes (AR 469). The ALJ also gave less weight to the opinions of non-examining State agency physician reviewers who also gave similar, even less restrictive, RFC assessments without any missed work limitation for any of Claimant's conditions. (AR 29, 433-40, 482-86.) Thus, the objective medical opinion evidence is inconsistent with Claimant's allegations that his migraine headaches and other conditions are disabling and require a missed work limitation.

Despite no supporting medical opinions, Plaintiff nonetheless interprets the medical treatment records as establishing incapacitating migraine headaches lasting for days that resulted in hospitalizations or trips to the emergency room that would result in missing work. Plaintiff overstates the evidence. As already observed, Dr. Ostrow who reviewed all the medical records explicitly rejected Plaintiff's assertion that the medical records indicated Plaintiff's migraines and gout would leave him so incapacitated he would miss work. (AR 82-83.) Plaintiff asserts he was admitted to the emergency room for migraines citing the treatment record at AR 390 but that record indicates that Claimant's headaches are "usually relieved with Imitrex." The same is true of another note cited by Plaintiff at AR 454. Plaintiff cites another treatment record for incapacitating migraines which notes he was "improving since he took Imitrex." (AR 518.) Plaintiff does not mention numerous treatment records finding his migraines "controlled" or "resolved" or "improving" with medication. (AR 545, 566, 592, 594.) Plaintiff cites AR 462-64 as evidence of incapacitation or admission to the emergency room but the record notes he was out of Imitrex and needed a refill. (AR 463-64.) Plaintiff's worst reference for incapacitation due to his migraines is to AR 406 which indicates he presented with a request for "something really strong," moaning frequently. When doctors told him he would not be getting narcotic pain medications, "PATIENT ABRUPTLY STOPPED MOANING, GOT UP FROM TABLE AND WENT TO WAITING AREA WHERE HE SAT AND READ A NEWSPAPER, IN NO APPARENT DISTRESS." (AR 407.) The doctor put the note in capitals, and also put in capitals, "DRUG SEEKING BEHAVIOR." (AR 407.)

Plaintiff interprets the evidence differently than the ALJ did, but the ALJ is the one responsible for resolving conflicts in the medical evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Here, the ALJ's interpretation of the medical evidence was reasonable and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Although inconsistency with the objective medical evidence is not sufficient by itself to discount credibility, Burch, 400 F.3d at 680-81, the ALJ offers other reasons for discounting Claimant's credibility regarding the severity of his migraine headaches and internal issues.

Plaintiff claims disability onset as of 1985 but presented no records of treatment before 2005. (AR 29.) He claims he cannot put pressure on his feet because of gout but medical records indicate no flare-up, there is no evidence of a prescription for a cane he claims to need, and he presented at both consulting examiner examinations with no cane. (AR 29.)

The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 18, 2013                    */s/ John E. McDermott*
                                         JOHN E. MCDERMOTT
                                         UNITED STATES MAGISTRATE JUDGE